UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOVAN CANDELARIO,

                      Plaintiff,

      -v-

QUALITY CHOICE CORRECTIONAL
HEALTHCARE; A. CUPERTINO, RN; J.
REYNOLDS, RN; and DITTMEIER, RN,

                      Defendants.

No. 16-CV-2083 (KMK)

OPINION & ORDER

Appearances:

Jovan Candelario
Lords Valley, PA
*Pro Se Plaintiff*

Martin F. Hayes, IV, Esq.
Bedford, NY
*Counsel for Defendant Robert Dittmeier*

KENNETH M. KARAS, District Judge:

      Pro se Plaintiff Jovan Candelario ("Plaintiff"), currently incarcerated at Pike County Jail, brings this Action against Quality Choice Correctional Healthcare ("Quality Choice"), A. Cupertino, RN ("Nurse Cupertino"), J. Reynolds, RN ("Nurse Reynolds"), and Dittmeier, RN ("Nurse Dittmeier" and collectively, "Defendants"). Plaintiff alleges that Defendants violated his rights under the Eighth Amendment by failing to follow policies and procedures, failing to provide adequate medical treatment, and neglecting Plaintiff's medical needs. (*See generally* Compl. (Dkt. No. 1).)[1] Before the Court is Nurse Dittmeier's Motion To Dismiss the Complaint

---

[1] The Court granted Quality Choice's and Nurse Cupertino's Motions To Dismiss in a separate Opinion, *Candelario v. Quality Choice Corr. Healthcare*, No. 16-CV-2083, 2017 WL 3049553, at *1 (S.D.N.Y. July 18, 2017). (*See* Dkt. No. 46.)

pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion"). (*See* Notice of Motion ("Motion") (Dkt. No. 51).) For the reasons to follow, the Motion is granted.

## I. Background

### A. Factual Background

The following facts are taken from the Complaint and the documents appended thereto, and are assumed true for the purpose of resolving the Motions.

On February 10, 2016, Plaintiff was incarcerated at Orange County Jail when he began suffering from abdominal pain. (*See* Compl. II.D.) Plaintiff sought medical attention for his pain, and Nurses Cupertino and Dittmeier gave him "Phenergan 25mg and Maalox 30mL," and offered Plaintiff a "[c]ompazine [s]uppository," which he refused. (*Id.*) Plaintiff alleges that Nurses Cupertino and Dittmeier assumed he was suffering from "gas or maybe a virus," (*id.*), but Plaintiff "knew it wasn't either one" due to "the pain that [he] was going thr[ough]," (*id.*). Plaintiff's symptoms included "throwing up," and the inability to move, sleep, eat, or use the bathroom, (*id.*). When Plaintiff asked to see a doctor, Defendants told Plaintiff there was no doctor on the property and put him on bed rest. (*See id.*)[2]

On February 13, 2016, Plaintiff was still suffering from severe pain and could barely move. (*See id.*) Plaintiff asked correctional officer Mackey to "send [him] to medical," and when Plaintiff arrived, he was given "chews for gas." (*Id.*) Plaintiff again asked for a doctor, but was told there was no doctor available and was sent back to his housing unit. (*See id.*) On February 16, 2016, Sergeant Mararino came to Plaintiff's cell during dinner and asked Plaintiff

---

[2] According to the Complaint and the medical records appended thereto, during the relevant six-day period, Plaintiff was seen by one or more of Nurses Cupertino, Reynolds, or Dittmeier, on two occasions: February 10, 2016 at 4:47 p.m. and February 13, 2016. (*See* Compl. II(D), 9–10.)

2

"why . . . [he was] walking like [he had] been shot or something." (*Id.*) Plaintiff explained he had been in pain for six days and "ha[d]n't had any help," and Sergeant Mararino "sent [him] to medical." (*Id.*) Plaintiff was subsequently sent to a hospital. (*See id.*) While at the hospital, Plaintiff underwent surgery to have an abscess removed near his gall bladder. (*See id.*)

As a result of his alleged pain and suffering, Plaintiff seeks one million dollars in compensatory damages and "medical reimbursement." (*Id.* at 5.)

B.  Procedural Background

Plaintiff filed his Complaint on March 21, 2016. (*See* Dkt. No. 1.) Plaintiff's request to proceed in forma pauperis was granted on May 3, 2016. (*See* Dkt. No. 6.) On October 13, 2016, Quality Choice and Nurse Cupertino filed their Motions To Dismiss and accompanying papers. (*See* Dkt. Nos. 35–40.) On July 17, 2017, the Court granted both Motions. (Dkt. No. 46.)

As of the July 17, 2017 Opinion, Nurse Reynolds and Nurse Dittmeier had yet to be served or appear in this Action. Accordingly, the Court ordered Quality Choice to file a letter with the Court providing the addresses at which Nurses Reynolds and Nurse Dittmeier can be served. (Dkt. No. 46.) On July 26, 2017, Quality Choice provided the addresses of Nurse Reynolds and Nurse Dittmeier, (Dkt. No. 47), and on July 27, 2017, the Court issued an Order allowing Plaintiff to effect service on Nurse Reynolds and Nurse Dittmeier through the U.S. Marshals Service, (Dkt. No. 48). Nurse Dittmeier was served on October 20, 2017. (*See* Dkt. No. 53.)

In a letter dated September 12, 2017, Nurse Dittmeier asked that the Court "dismiss this action against [him] for the same reasons [the Court] so carefully set forth in [the] decision of July 17, 2017." (Dkt. No. 49.) Pursuant to a memo endorsement, the Court informed Nurse Dittmeier that he must file a Motion To Dismiss by October 20, 2017. (Dkt. No. 50.) The Court

ordered Plaintiff to respond by November 20, 2017. (*Id.*) On October 20, 2017, Nurse Dittmeier filed his Motion To Dismiss and accompanying Memorandum of Law and exhibits. (Motion.) Plaintiff did not respond.[3]

## II. Discussion

### A. Standard of Review

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his [or her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations, alteration, and internal quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and internal quotation marks omitted). Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claim[] across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a

---

[3] The Clerk of Court mailed a copy of the July 18, 2017 Opinion & Order to Plaintiff on July 18, 2018, (*see* Dkt. (entry for Jul. 18, 2017)), and the July 27, 2017 Order of Service to Plaintiff on August 1, 2017, (*see* Dkt. (entry for Aug. 1, 2017)). The mail was returned to the Clerk of the Court, and Plaintiff has not provided the Court with an updated address. (*See* Dkt. (entry for Aug. 1, 2017); Dkt. (entry for Aug. 11, 2017).)

4

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("In addressing the sufficiency of a complaint we accept as true all factual allegations . . . ." (internal quotation marks omitted)); *Aegis Ins. Servs., Inc. v. 7 World Trade Co.*, 737 F.3d 166, 176 (2d Cir. 2013) ("In reviewing a dismissal pursuant to Rule 12(b)(6), we . . . accept all factual allegations in the complaint as true . . . ." (alteration and internal quotation marks omitted)). Further, "[f]or the purpose of resolving [a] motion to dismiss, the Court . . . draw[s] all reasonable inferences in favor of the plaintiff." *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)).

Where, as here, a plaintiff proceeds pro se, the Court must "construe[] [his complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (per curiam) (internal quotation marks omitted); *see also Farzan v. Wells Fargo Bank, N.A.*, No. 12-CV-1217, 2013 WL 6231615, at *12 (S.D.N.Y. Dec. 2, 2013) (same), *aff'd sub nom. Farzan v. Genesis 10*, 619 F. App'x 15 (2d Cir. 2015). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from

5

compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal quotation marks omitted); *see also Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics and internal quotation marks omitted)).

Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks omitted). However, when the complaint is pro se, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (internal quotation marks omitted), including, "documents that a pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010) (italics omitted), statements by the plaintiff "submitted in response to [a] defendant's request for a pre-motion conference," *Jones v. Fed. Bureau of Prisons*, No. 11-CV-4733, 2013 WL 5300721, at *2 (E.D.N.Y. Sept. 19, 2013), and "documents that the plaintiff[] either possessed or knew about and upon which [he or she] relied in bringing the suit," *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000).

B.  Analysis

Nurse Dittmeier argues that for the same reasons the Complaint was dismissed against Quality Choice and Nurse Cupertino, the Complaint should also be dismissed as to him because

Plaintiff fails to plausibly allege a claim for deliberate indifference under the Eighth Amendment. The Court agrees.

### 1. Deliberate Indifference

"The Eighth Amendment forbids 'deliberate indifference to serious medical needs of prisoners . . . .'" *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "A convicted prisoner's claim of deliberate indifference to his medical needs by those overseeing his care is analyzed under the Eighth Amendment because the right the plaintiff seeks to vindicate arises from the Eighth Amendment's prohibition of cruel and unusual punishment." *Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009) (footnote and quotation marks omitted), *overruled on other grounds*, *Darnell v. Pineiro*, 849 F.3d 17 (2d Cir. 2017).[4] "There are two elements to a claim of deliberate

---

[4] The status of a plaintiff as either a convicted prisoner or pretrial detainee dictates whether his conditions of confinement are analyzed under the Eighth or Fourteenth Amendment. Until recently, "[c]laims for deliberate indifference to a . . . serious threat to the health or safety of a person in custody [were] analyzed under the same standard irrespective of whether they [we]re brought under the Eighth or Fourteenth Amendment." *Caiozzo*, 581 F.3d at 72. However, the Second Circuit's recent decision in *Darnell v. Pineiro*, 849 F.3d 17 (2d Cir. 2017), overruled *Caiozzo* "to the extent that it determined that the standard for deliberate indifference is the same under the Fourteenth Amendment as it is under the Eighth Amendment." *Id.* at 35. While the decision in *Darnell* prescribed a new analysis for claims brought by pretrial detainees, *see id.*, the analysis under the Eighth Amendment remains intact.

Here, Plaintiff's Complaint and the briefing on the previous-filed Motions did not indicate whether Plaintiff was a convicted prisoner or a pretrial detainee at the time of the alleged constitutional violations. In an Order dated May 4, 2017, the Court requested that the Parties "inform the Court by no later than May 11, 2017 whether Plaintiff was a convicted prisoner or a pretrial detainee when the alleged violations occurred in February 2016." (Order 1–2 (Dkt. No. 43).)

In a letter dated May 11, 2017, Defendant Quality Care stated that it "does not have any direct knowledge as to . . . [P]laintiff's status at the relevant time, nor does it presently have access to any records maintained by the Orange County Jail, where . . . [P]laintiff was incarcerated at the time of the alleged violations." (Letter from Kenneth W. Rudolph, Esq., to Court (May 11, 2017) 1 (Dkt. No. 44).) However, Quality Care detailed the results of a criminal history record search and provided the Court with an Office of Court Administration ("OCA") report, demonstrating that "[P]laintiff (or someone with the same name and date of birth

indifference to a serious medical condition." *Id.* at 72. "First, the plaintiff must establish that he suffered a sufficiently serious constitutional deprivation. Second, the plaintiff must demonstrate that the defendant acted with deliberate indifference." *Feliciano v. Anderson*, No. 15-CV-4106, 2017 WL 1189747, at *10 (S.D.N.Y. Mar. 30, 2017).

"The first requirement is objective: the alleged deprivation of adequate medical care must be sufficiently serious." *Spavone*, 719 F.3d at 138 (internal quotation marks omitted). Analyzing this objective requirement involves two inquiries: "[t]he first inquiry is whether the prisoner was actually deprived of adequate medical care," *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006), and the second "asks whether the inadequacy in medical care is sufficiently serious. This inquiry requires the [C]ourt to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner," *id.* at 280. To meet the objective requirement, "the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013). "There is no settled, precise metric to guide a court in its estimation of the seriousness of a prisoner's medical condition." *Brock v. Wright*, 315 F.3d

---

as . . . [P]laintiff) . . . pled guilty to [two charges of petit larceny] and was sentenced to a $400 fine and 1 year of imprisonment" on February 4, 2016. (*Id.* at 2.) Defendant Nurse Cupertino informed the Court on May 11, 2017 that she "ha[s] no information on [Plaintiff's] precise status . . . during the relevant time period." (Letter from Michael H. Sussman, Esq., to Court (May 11, 2017) (Dkt. No. 45).) Plaintiff failed to respond to the Court's Order. Indeed, mail sent to Plaintiff at the address listed on the docket was returned because the intended recipient was "no longer [t]here." (*See* Dkt. (entry for May 16, 2017).)
       Upon review of the OCA report, the Court agrees with Quality Care that while it cannot "conclusively answer the question," it appears that "[P]laintiff was serving time for one or both  . . . petit larceny charges" and therefore "was incarcerated as a convicted prisoner when the alleged violations occurred in February 2016." (Letter from Kenneth W. Rudolph, Esq., to Court (May 11, 2017) 1–2.) Accordingly, the Court analyzes Plaintiff's claims under the Eighth Amendment standard.

158, 162 (2d Cir. 2003). Nevertheless, the Second Circuit has "presented the following non-exhaustive list of factors to consider when evaluating an inmate's medical condition: (1) whether a reasonable doctor or patient would perceive the medical need in question as important and worthy of comment or treatment, (2) whether the medical condition significantly affects daily activities, and (3) the existence of chronic and substantial pain." *Morales v. Fischer*, 46 F. Supp. 3d 239, 247 (W.D.N.Y. 2014) (internal quotation marks omitted).

"The second requirement is subjective: the charged officials must be subjectively reckless in their denial of medical care." *Spavone*, 719 F.3d at 138. Under the second prong, the question is whether a defendant "knew of and disregarded an excessive risk to [a plaintiff's] health or safety and that [the defendant was] both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference." *Caiozzo*, 581 F.3d at 72 (alterations and internal quotation marks omitted). In other words, "[i]n medical-treatment cases not arising from emergency situations, the official's state of mind need not reach the level of knowing and purposeful infliction of harm; it suffices if the plaintiff proves that the official acted with deliberate indifference to inmate health." *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (internal quotation marks omitted). "Deliberate indifference is a mental state equivalent to subjective recklessness," and it "requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result." *Id.* (internal quotation marks omitted). By contrast, mere negligence is not enough to state a claim for deliberate indifference. *See Walker*, 717 F.3d at 125; *see also Vail v. City of New York*, 68 F. Supp. 3d 412, 424 (S.D.N.Y. 2014) (same). Importantly, "mere disagreement over the proper treatment does not create a constitutional claim," and accordingly, "[s]o long as the treatment

9

given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

With respect to the objective component, Plaintiff alleges that he suffered from severe abdominal pain that resulted in him throwing up and having difficulty eating, as well as being unable to move, sleep, or use the bathroom. (*See* Compl. II.D.) Unsurprisingly, courts have held that such symptoms are sufficiently "extreme and/or serious" under the objective prong. *Bell v. Jendell*, 980 F. Supp. 2d 555, 560 (S.D.N.Y. 2013) (finding allegations that Plaintiff had "suffered five days of acid-reflux symptoms" sufficient to meet the objective prong of the Eighth Amendment analysis); *see also Dobbey v. Randle*, No. 10-CV-3965, 2012 WL 3544769, at *2–3 (N.D. Ill. Aug. 16, 2012) (finding that plaintiff with symptoms such as abdominal pain and blood in his stool, "[met] the objective standard, at least at the pleading stage"). Thus, taken as true for the purposes of this Motion, the Court is willing to assume that Plaintiff's allegations satisfy the objective prong. *See Candelario*, 2017 WL 3049553, at *4 (finding Plaintiff's allegations satisfied the objective prong).

With respect to the second prong, however, Plaintiff has not adequately alleged that Nurse Dittmeier acted "with a sufficiently culpable state of mind." *See Bell*, 980 F. Supp. 2d at 559 (internal quotation marks omitted). Simply put, Plaintiff's medical needs were not ignored. The Complaint recounts the specific dates on which Plaintiff met with medical staff, including Nurse Dittmeier, and the treatment he received during those encounters. On February 10 and February 13, 2016, Plaintiff was evaluated and Defendants believed he was experiencing gas pain or suffering from a virus and prescribed medication to address those ailments. (*See* Compl. II.D.) While Plaintiff may have disagreed with the diagnosis and corresponding treatment he received, (*see id.* at III. ("They w[]ere giving me [the] wrong medication, and assuming I had

gas"), such complaints do not rise to the level of an Eighth Amendment violation, *see Harris v. Westchester Cty. Med. Ctr.*, No. 08-CV-1128, 2011 WL 2637429, at *3 (S.D.N.Y. July 6, 2011) ("As for misdiagnosis, without more, allegations of negligent treatment and misdiagnosis do not state a cause of action under the Eighth Amendment." (alteration and internal quotation marks omitted)); *see also Hill*, 657 F.3d at 123 (holding that an inmate failed to state a claim for deliberate indifference where he alleged that stronger medication was necessary to treat his medical condition); *Chance*, 143 F.3d at 703 ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim."); *Ripple v. Dir./Sec'y of Cal. Dep't of Corrs. and Rehab.*, No. 11-CV-396, 2015 WL 2193883, at *6 (C.D. Cal. May 5, 2015) (granting a motion to dismiss a claim for deliberate indifference where the defendant "delayed diagnostic tests for [the] plaintiff's severe gastrointestinal ailments after mistakenly concluding they were . . . side-effects [of a treatment]"); *Diaz v. Dixon*, No. 13-CV-130, 2014 WL 1744110, at *4 (N.D. Tex. May 1, 2014) (finding that the delayed diagnosis of the plaintiff's gastrointestinal disorder did not amount to a violation of the Eighth Amendment); *Washington v. Westchester Cty. Dep't of Corr.*, No. 13-CV-5322, 2014 WL 1778410, at *6 (S.D.N.Y. Apr. 25, 2014) ("[I]t is well-settled that the ultimate decision of whether or not to administer a treatment or medication is a medical judgment that, without more, does not amount to deliberate indifference."); *Barnes v. Huffman*, No. 06-CV-745, 2007 WL 3339311, at *5 n.9 (W.D. Va. Nov. 7, 2007) (finding the plaintiff's "complaints [about gastrointestinal issues] amount[ed] to nothing more than disagreements between medical staff and an inmate as to proper diagnostic methods and a course of treatment" and were not an Eighth Amendment violation), *aff'd*, 275 F. App'x 260 (4th Cir. 2008); *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001) ("[D]isagreements over medications, diagnostic techniques (e.g., the

11

need for X-rays), forms of treatment, or the need for specialists or the timing of their intervention, are not adequate grounds for a [§] 1983 claim. These issues implicate medical judgments and, at worst, negligence amounting to medical malpractice, but not the Eighth Amendment."). At best, Plaintiff may have alleged a claim for medical malpractice. Such allegations, however, cannot "support an Eighth Amendment claim unless the malpractice involves culpable recklessness, i.e., an act or a failure to act by the prison doctor that evinces a conscious disregard of a substantial risk of serious harm." *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (internal quotation marks omitted). "In other words, 'the charged official [must] act or fail to act while *actually aware* of a substantial risk that serious inmate harm will result.'" *Bell*, 980 F. Supp. 2d at 561 (alteration in original) (quoting *Salahuddin*, 467 F.3d at 280).

In sum, Plaintiff's conclusory allegations that Defendants "didn't do the[ir] job correctly . . . [and] medically neglected [him]," (Compl. III.), have not nudged his claims across the line from conceivable to plausible, *see Flemming v. Smith*, No. 11-CV-804, 2014 WL 3698004, at *6 (N.D.N.Y. July 24, 2014) ("Conclusory allegations that medical staff defendants were aware of a [prisoner's] medical needs and failed to provide adequate care are generally insufficient to state an Eighth Amendment claim of inadequate medical care."); *Gumbs v. Dynan*, No. 11-CV-857, 2012 WL 3705009, at *12 (E.D.N.Y. Aug. 26, 2012) ("[C]onclusory allegations that [the] defendants were aware of [the] plaintiff's medical needs and chronic pain but failed to respond are generally not sufficient proof of [the] defendants' deliberate indifference and cannot survive a Rule 12(b)(6) motion to dismiss."). Accordingly, Plaintiff's deliberate indifference claims are dismissed. *See Candelario*, 2017 WL 3049553, at *4 (dismissing deliberate indifference claims against Nurse Cupertino for failing to satisfy the objective prong).

### 2. Supplemental Jurisdiction

As the Court ultimately dismisses the federal claims against the Nurse Dittmeier, it need not exercise its discretion to maintain supplemental jurisdiction over any pending state-law claims against Nurse Dittmeier. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."). Thus, to the extent Plaintiff asserts a claim for negligence arising under state tort law, the Court declines to exercise supplemental jurisdiction over this claim. *See Matican v. City of New York*, 524 F.3d 151, 154–55 (2d Cir. 2008) ("[I]f [the plaintiff] has no valid claim under § 1983 against any defendant, it is within the district court's discretion to decline to exercise supplemental jurisdiction over the pendent state-law claims.").

### III. Conclusion

For the reasons stated above, Defendant Nurse Dittmeier's Motion To Dismiss is granted. In light of Plaintiff's pro se status, and because this is the first adjudication of Plaintiff's claims against Nurse Dittmeier on the merits, his claims are dismissed without prejudice. If Plaintiff wishes to file an Amended Complaint alleging additional facts and otherwise addressing the deficiencies identified above, Plaintiff must do so within 30 days of the date of this Opinion & Order. Failure to do so will result in the dismissal of this Action with prejudice.

The Clerk of Court is respectfully direct to terminate the pending Motion, (*see* Dkt. No. 51), and mail a copy of this Opinion & Order to the pro se Plaintiff.

SO ORDERED.
Dated: May 16, 2018
       White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE